**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 21, 2015

LETTER TO COUNSEL

      RE:    *Dale McCusker v. Commissioner, Social Security Administration*;
             Civil No. SAG-14-1878

Dear Counsel:

      On June 11, 2014, Plaintiff Dale McCusker petitioned this Court to review the Social Security Administration's final decision to deny his application for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. McCusker's motion, grant Defendant's motion, and affirm the judgment of the Commissioner pursuant to sentence four of 42 U.S.C. 405(g). This letter explains my rationale.

      Mr. McCusker protectively filed his application on October 29, 2007. (Tr. 92, 210-12). He alleged a disability onset date of November 20, 2003. (Tr. 210). His application was denied initially and on reconsideration. (Tr. 118-21, 124-25). A hearing was held on December 30, 2009, before an Administrative Law Judge ("ALJ"). (Tr. 53-74). Following the hearing, the ALJ determined that Mr. McCusker was not disabled within the meaning of the Social Security Act during the relevant time frame.[1] (Tr. 94-108). The Appeals Council remanded Mr. McCusker's case for further consideration (Tr. 109-112), and a second hearing was held on October 23, 2012, before a different ALJ (Tr. 34-52). Following the second hearing, the ALJ again determined that Mr. McCusker was not disabled during the relevant time frame. (Tr. 11-33). The Appeals Council denied Mr. McCusker's request for review of the second hearing decision (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. McCusker suffered from the severe impairment of postlaminectomy syndrome following L3-S1 fusion. (Tr. 17). Despite this impairment, the ALJ determined that, through his date last insured, Mr. McCusker retained the residual functional capacity ("RFC") to "perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant could occasionally climb ramps or stairs (never ladders, ropes or scaffold [sic]), balance, stoop, kneel, crouch and crawl. The claimant was required to avoid even moderate

---

[1] The relevant time frame, during which Mr. McCusker must establish he became disabled, is from his alleged onset date, November 20, 2003, through his date last insured, December 31, 2008.

*Dale McCusker v. Commissioner, Social Security Administration*
Civil No. SAG-14-1878
April 21, 2015
Page 2

exposure to workplace hazards." (Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. McCusker could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 26).

On appeal, Mr. McCusker takes issue with the ALJ's evaluation of the medical opinion evidence. Specifically, he argues that the ALJ erred in assigning significant weight to the opinion of Dr. Scott, and in assigning limited weight to the opinions of Drs. Yacyk and Cohen. Each argument lacks merit and is addressed below.

First, Mr. McCusker claims that the ALJ should not have assigned "significant weight" to the opinion of Dr. Scott, a medical expert ("ME"). Pl. Mem. 6-8. MEs are "highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2). When an ALJ considers the findings of an ME, the ALJ must evaluate the findings using the same factors applicable to other medical opinion evidence, including the specialty and expertise of the consultant, the supporting evidence in the case record, supporting explanations the consultant provides, and any other relevant factors. *Id.* In this case, subsequent to the hearing, the ALJ "forwarded [Mr. McCusker's] medical evidence along with a medical interrogatory to medical expert, Thomas Scott, M.D., for his review and professional medical opinion." (Tr. 25). In the responses to interrogatories, Dr. Scott opined that Mr. McCusker "is limited to occupations which do not require repeated bending, lifting, stooping or overhead activity" and that he "can function in sedentary occupations." (Tr. 860). The ALJ explained that he found Dr. Scott's opinion persuasive and assigned it significant weight because "it is well supported by explanation as well as the medical evidence as a whole and is consistent with the diagnostic findings of record." (Tr. 25). The ALJ also noted that Dr. Scott is a specialist familiar with Social Security regulations. *Id.*

Mr. McCusker contends that there is no evidence that Dr. Scott is: (1) a medical expert, (2) a specialist of any kind, (3) familiar with Social Security regulations, or (4) a practicing physician. Pl. Mem. 7. To the contrary, as explained above, Social Security regulations explicitly state that MEs are "highly qualified physicians" who are "experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2). Moreover, the Hearings, Appeals, and Litigation Law Manual ("HALLEX"), which governs the ALJ's selection of an ME, instructs that an "ALJ . . . must select the ME whose expertise is most appropriate to the claimant's diagnosed impairment(s)." HALLEX I-2-5-36.A. HALLEX does not require the ALJ to make the selected ME's credentials part of the record. HALLEX I-2-5-36. Although HALLEX is an internal document that lacks the force of law and does not bind this Court, it does bind the ALJ, and absent some evidence to the contrary, I will assume that the ALJ adhered to its mandates. There is no evidence that Dr. Scott is not a medical expert, and it would be highly unlikely that the Commissioner would select someone who is not a medical professional to obtain a professional medical opinion. The mere fact that the record is silent as to Dr. Scott's credentials does not constitute evidence to the contrary.

Mr. McCusker also maintains that the ALJ's assignment of weight to Dr. Scott's opinion "defies review" because the ALJ did not elaborate on how Dr. Scott's opinion was supported by

*Dale McCusker v. Commissioner, Social Security Administration*
Civil No. SAG-14-1878
April 21, 2015
Page 3

the medical evidence as a whole and consistent with the diagnostic findings of record. Pl. Mem. 8. Although the level of explanation underlying the ALJ's specific assignment of weight to Dr. Scott's opinion was less than ideal, it does not, as Mr. McCusker suggests, defy review. The ALJ's assessment of Dr. Scott's opinion followed a lengthy discussion of the record evidence upon which the ALJ based her decision. The ALJ repeatedly emphasized normal findings on examination and activities of daily living which indicate greater functional abilities than were indicated by Mr. McCusker's subjective complaints.

Next, Mr. McCusker argues that the ALJ erred in evaluating the opinions of his treating physician, Dr. Yacyk, and examining physician, Dr. Cohen. The Fourth Circuit set forth parameters for evaluating medical opinions of treating physicians in *Craig*, 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. § 404.1527. *See Pitman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001). When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). If a treating source's medical opinion is not assigned controlling weight, however, in determining the weight to give the opinion, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c). Those same factors are relevant to the evaluation of medical opinions from all other medical sources, including examining physicians. 20 C.F.R. § 404.1527(e).

The record contains four medical opinions from Mr. McCusker's treating physician, Dr. Yacyk—a letter from October 2007, multiple impairment questionnaires completed in March 2008 and November 2009, and a spinal impairment questionnaire completed in August 2010. (Tr. 329, 343-50, 593-600, 642-48). The ALJ explained that she assigned Dr. Yacyk's opinions "limited weight" because they were "not consistent with the record evidence as a whole as discussed herein." (Tr. 24). Specifically, she determined that the symptoms relied upon by Dr. Yacyk in rendering his opinions, including "limited range of motion, antalgic gait, lower extremity spasms and parasthesias," were "not supported by the physical examinations of record which have mostly shown essentially normal musculoskeletal and other clinical findings." *Id.* (comparing (Tr. 344, 594, 644), with (Tr. 637)). The ALJ likewise found Dr. Yacyk's opinions inconsistent with his own treatment notes from 2010, which "described [Mr. McCusker's] gait as 'not antalgic' and noted [his] static and dynamic standing balance were both good," and that his "joint range of motion were within functional limits." *Id.* (citing (Tr. 674)). Finally, the ALJ noted that Dr. Yacyk's statements that Mr. McCusker is disabled constitute opinions on an issue reserved to the Commissioner. *Id.*

Mr. McCusker first argues that the ALJ's "rejection" of Dr. Yacyk's opinion on the basis that it was on an issue reserved to the Commissioner was "erroneous as a matter of law." Pl. Mem. 10. Importantly, however, the ALJ did not "reject" Dr. Yacyk's opinions, but instead assigned them "limited weight." (Tr. 24). Moreover, Social Security regulations specifically

instruct that opinions on issues reserved to the Commissioner are not "medical opinions" and are not entitled to any special significance. 20 C.F.R. § 404.1527(d).

Mr. McCusker also identifies a variety of evidence that he contends contradicts the ALJ's statement that the symptoms relied upon by Dr. Yacyk were inconsistent with the mostly normal musculoskeletal and other clinical findings. However, when conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls to the ALJ. *Mastro v. Apfel*, 270 F.3d 171, 179 (4th Cir. 2001) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). From her discussion, it is clear that the ALJ considered much of the medical evidence cited by Mr. McCusker. (Tr. 21). Moreover, although the ALJ only cited to one physical examination from 2009 in evaluating the consistency of the symptoms cited in Dr. Yacyk's opinions with the record, the record does indeed contain many other instances of objective findings inconsistent with those symptoms. (Tr. 326, 490, 501, 535, 551, 558). Finally, Mr. McCusker's argument comparing the timing of the cited treatment notes with the opinions at issue is unpersuasive. Dr. Yacyk indicated that each of his opinions was retrospective in nature, and that the symptoms and limitations set forth applied from 2000. (Tr. 349, 599, 648). Accordingly, all of the treatment notes were relevant in considering the reliability of Dr. Yacyk's opinions.

The record also contains a December 2007 consultative examination report from Dr. Cohen, and a March 2008 addendum. (Tr. 846-50). The ALJ explained that she assigned Dr. Cohen's opinions limited weight because, although she agreed that Dr. Cohen's statement that Mr. McCusker was capable of performing light and sedentary work was consistent with the record, the additional limitations opined by Dr. Cohen were not supported by the record evidence as a whole. (Tr. 23). The ALJ emphasized Mr. McCusker's "substantial" activities of daily living, including occasional hunting, mushrooming, eating out, attending church, hiking, running, and helping his daughter move, which required many steps. *Id.* Mr. McCusker argues that the ALJ's consideration of some of these activities was inappropriate because Mr. McCusker reported engaging in them in 2010 and 2011, several years after Dr. Cohen's opinions were issued and subsequent to the relevant time period. Pl. Mem. 13. However, as Mr. McCusker acknowledges, in a May 2008 function report, he reported occasionally hunting and attending church. (Tr. 261). Although the ALJ's explanation for her assignment of weight to Dr. Cohen's opinion was arguably wanting, the activities Mr. McCusker reported in 2008 are indeed inconsistent with the severe additional limitations set forth by Dr. Cohen. I thus find that the ALJ provided substantial evidence in support of her assignment of limited weight to Dr. Cohen's opinions.

For the reasons set forth herein, Mr. McCusker's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

*Dale McCusker v. Commissioner, Social Security Administration*
Civil No. SAG-14-1878
April 21, 2015
Page 5

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Sincerely yours,

                /s/

                Stephanie A. Gallagher
                United States Magistrate Judge